# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD WATSON,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-362

Dlott, J.
Litkovitz, M.J.

**ORDER**

This *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motions requesting the production of a copy of the transcript of petitioner's resentencing hearing on March 24, 2010, and the expansion of the record to include a portion of that transcript. (Docs. 12, 15). Also pending before the Court for ruling is petitioner's motion for appointment of counsel to represent him in the instant action. (Doc. 13). Respondent opposes petitioner's motions. (Docs. 14, 16).

In his motions pertaining to the resentencing hearing transcript, petitioner requests that respondent be ordered to produce a copy of the transcript and that the record be expanded to include the attached transcript pages, numbered 4 through 17. (Docs. 12, 15). In his petition, petitioner asserts three grounds for relief, which stem from the resentencing hearing. (*See* Doc. 5). In the first ground for relief, petitioner alleges that he was denied the opportunity of meaningful appellate review of the trial court's resentencing decision because although the trial court explicitly informed petitioner at the resentencing hearing that counsel would be appointed to represent petitioner in an appeal, no counsel was ever assigned to assist in the filing of an appeal. (*Id.*, p. 6). In the second and third grounds for relief, petitioner claims that the sentence imposed at that hearing violated both the Constitution's Double Jeopardy Clause and his Sixth

Amendment right to a jury trial. (*Id.*, pp. 8-9). Respondent contends in the return of writ that petitioner has waived his claims for relief because of his numerous procedural defaults in the state courts. (*See* Doc. 8). It is respondent's position that the resentencing hearing transcript is unnecessary and irrelevant to the disposition of petitioner's claims in light of the procedural default defense. (Doc. 14).

However, out of an abundance of caution and in an effort to ensure that the record contains all the information necessary for the proper adjudication of the issues involved in this case, the undersigned finds that the resentencing hearing transcript may be useful to the Court in determining not only the merits of petitioner's claims for relief, but also whether petitioner's claims are barred from review on the ground of procedural default. The resentencing hearing transcript is relevant to the extent that all of petitioner's claims for relief arise from that proceeding. Moreover, information contained in the transcript may be necessary for the Court to consider in assessing the merits of the parties' positions. The undersigned is not persuaded that respondent will be unduly burdened by having to provide the Court with a copy of the 17-page transcript. (*See* Doc. 15, Ex. 1). Therefore, petitioner's motions (Docs. 12, 15) are **GRANTED**. Respondent is **ORDERED** to supplement the return of writ by filing a copy of the March 24, 2010 resentencing hearing transcript within fifteen (15) days of the date of this Order.

Petitioner's motion for appointment of counsel to represent him in this proceeding (Doc. 13) is **DENIED**. There is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Pursuant to 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. §

3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990); *see also Reese*, 946 F.2d at 264. At this juncture in the proceedings, it appears that the issues to be decided are straightforward and capable of resolution on the record.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's motions for the production of the March 24, 2010 resentencing hearing transcript and to expand the record (Docs. 12, 15) are **GRANTED**. Respondent is **ORDERED** to supplement the return of writ by filing a copy of the March 24, 2010 resentencing hearing transcript within fifteen (15) days of the date of this Order.

2. Petitioner's motion for appointment of counsel (Doc. 13) is **DENIED**.

Date: 2/13/13

Karen L. Litkovitz
United States Magistrate Judge